FILED
U.S. DIST. COURT
MIDDLE DIST. OF LA

2008 APR 25 AM 11: 24

SIGN
BY DEPUTY CLERK

FORM TO BE USED BY A PRISONER IN FILING A COMPLAINT
UNDER THE CIVIL RIGHTS ACT, 42 U.S.C. §1983

UNITED STATES DISTRICT COURT
DISTRICT OF LOUISIANA

Randell Orange 447630
Print the full name (first - middle - last) and prisoner number of the plaintiff in this action.

CIVIL ACTION

NO.

SECTION

versus

Sgt. Raymond Green
Sgt. Ricky Duplechin
Lt. Rule
Ivry Miller

Print the full name of all defendants in this action.
**DO NOT WRITE *et al.***

COMPLAINT

I. Previous Lawsuits

A. Have you begun other lawsuits in state or federal court dealing with the same facts involved in this action or otherwise relating to your imprisonment?
Yes ( ) No (X)

B. If your answer to A is "yes", describe the lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same outline.)

1. Parties to the previous lawsuit

Plaintiffs ______________________________

______________________________

Defendants ______________________________

______________________________

2. Court (If federal court, name of the district court; if state court, name the parish.)

______________________________

3. Docket Number ______________________________

4. Name of judge to whom case was assigned ______________________________

______________________________

5. Disposition (For example: Was this case dismissed? Was it appealed? Is it still pending?)

______________________________

6. Approximate date of filing lawsuit ______________________________

7. Approximate date of disposition ______________________________

C. Have you had any previously filed federal lawsuits or appeals, whether or not related to the issues raised in this complaint, which have been dismissed as frivolous, malicious, or for failure to state a claim for which relief can be granted by any federal court?
Yes ( ) No (X)

If your answer is "yes", list the civil action numbers and the disposition of each case. You also must identify in which federal district or appellate court the action was brought.

______________________________

______________________________

______________________________

II. PLACE OF PRESENT CONFINEMENT: Dixon Correction Institute

A. Is there a prisoner grievance procedure in this institution?
Yes (X) No ( )

B. Did you present the facts relating to this complaint in the prisoner grievance procedure? Yes (X) No ( )

C. If your answer is "yes",

1. Attach a copy of all administrative complaints you have filed regarding the claims raised in this lawsuit and copies of all prison responses. If copies are not available, list the number assigned to the complaint(s) and approximate date it was presented to the prison. Case # 2007-561/DB Appeal 2007-575 also papers trying to avoid him. I even tried to sign P.C. and Mental Health. They said (Attached at the back.)

2. As to each grievance compliant provided or listed above, have you exhausted or completed all steps in the procedure, including appeals? yes

D. If your answer is NO, explain why you have not done so: ____________

III. Parties

(In item A below, complete the following information. Do the same for additional plaintiffs, if any.)

A. Full Name of Plaintiff (First - Middle - Last) Randell Orange

Prisoner Number 417630

Address P.O. Box 788 Jackson LA 70748

Date of Birth 5/10/82

Date of Arrest 3/20/02

Date of Conviction 7/22/02

IMPORTANT: In the space provided below, place the full name of each defendant named in the caption, his or her official position, place of employment, and service address. If you have sued more than one defendant, provide this same information for every defendant you have named. Please attach an additional sheet, if necessary. **The parties listed below must be exactly the same as those listed in your caption.**

B. Defendant Raymond Green is employed as Sergent at Dixon Correction

Address for service: P.O. Box 788, Jackson LA 70748

C. Defendant Ricky Duplichin is employed as Sergent at Dixon Correction

Address for service: P.O Box 788 Jackson LA 70718

D. Defendant LT. Roule is employed as Lieutenant at Dixon Correction

Address for service: P.O. Box 788 Jackson LA 70748

E. Defendant Iruy Miller is employed as Classification at Dixon Correctional Institute

Address for service: P.O. Box 788 Jackson, LA 70748

F. Defendant ____________ is employed as ____________ ____________ at ____________

Address for service: ____________

G. Defendant ____________ is employed as ____________ ____________ at ____________

Address for service: ____________

IV. Statement of Claim

(State here as briefly as possible the facts of your case. Describe how each defendant is involved. Include also the names of other persons involved, dates, and places. Do not give any legal arguments or cite any cases or statutes. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. Use as much space as you need. Attach extra sheet if necessary.)

See Attached Sheets

V. Relief

(State briefly exactly what you want the court to do for you. Make no legal arguments. Cite no cases or statutes.)

- Restored Good-Time, $120 $ & (180)
- $ 3000 dollars for monetary and $2000
- In Punitive Damages.

What happen on Nov 19, 2007, Who, Where And What happen to my witness that was a violation up under Investigation and La. R.S 15:1171-1177 Law.

Nov, 9, 2007 I filed a A.R.P on Raymond Green about his behavior towards me.

On Nov 19, 2007 at 6 O'Clock A.M. Sgt. Green was making his rounds on Level 2 (WCB) when I was making my bed up with my radio on. Sgt. Green yelled at me and told me to turn my headphones down. I followed the order that I was given. When no headphones can be loud enough to bother any body nerves. Once I turned it off, not down just to see what else he was going to harass me about. I told him, is that good enough for you, because I don't want no trouble. The (board in two weeks)

Sgt. Green stated to me, "Put that radio down, I'm riding your ass out. Fuck this, I'm the only one can listen to loud radio's. You got me fuck'd up, Get your ass in the holding cell.

He went told the Lieutenant I cursed him out. When I explained myself to the Lieutenant and was trying to tell him to go ask my cellmate Arnold McCallow what I said, He made a scene by threating me, cursing me, and telling me I can't live in the Working Cell block nomore. He was going to hurt me. Everybody that was back there is a witness. The Hall-man name Robert Felix #484796 can state these facts.

I placed my Administrative Remedy in the system again

I was never'd questioned or asked about the incident. When I was around some people that was back there. (CBB) They told me they pulled my cellmate Arnold McCallon out the cell to questioning him about my situation. But he was threaten by the officers containing to this matter. 1 violation! 2, the same people I had in my ARP answered and pulled my witness out, 3rd violation my Due Process was violated. And the investigating officers suppose to take care ARP's or someone over the people I'm reporting. Not back in the hands and I'm writing a bad report on. They can say and do anything. That's violating my rights and my defense. Robert Felix #484796 went in the cell with Arnold McCallon. And he was on the hall doing the threats. All pages attached is in a orderly manner. Robert Felix willingly to testify in my Behalf.

Read Attached Sheets Clearfully

All steps I went through, and they was denied without a clause. When the Rules state I have to have a copy of every ruling.

See how my equal rights was violated.
And my protection violated. (My Life)

* Last Violation, I asked for a notary. For my papers can be notarized. When Ivry Miller came to me, He made a big deal about me filing my paperwork. But I wanted the courts to know I have No fund's to pay the fee. He refused to notarize my paper. Tier Sgt Present. Also Elton Burnett #112558 Inmate Counsel George. I wrote a ARP on this matter.

# Statement of Claim

(1).

On Nov. 9, 2007 Plaintiff filed a (Administrative Remedy Procedure) against officer Raymond Green, at Dixon Correctional Institute. Working CellBlock On Nov 20, 2007 The warden Designee Megan W. Daniel accepted The (ARP) under case number: DCI 2007-561.

(2).

On Nov 19, 2007 approximately nine (9) days later Two (2) Fabricated Disciplinary Report for Rule #(3) Defiance was issued by Sgt. Raymond Green and his co-worker Sgt Ricky Duplechin. Cursed, Threaten, and harassed me

(3).

On Nov 21, 2007 plaintiff went before the Disciplinary Board, He orally submitted a motion to take a: Poly Graph Test, To face his accusers, and present a witness, Arnold McCallon his cellmate that he didn't make any remarks or curse an officer. To substantiate his defense before Board Chairman Col. Johnny Bell and member J. Doe, The motions was denied, with no cause. In I was sentenced to (10) days Isolation for each Report and sixty (60) days forfiet of good time for each Report. A total of 20 days isolation and 120 days forfeiture of good time for each report. On the same day, I filed a Disciplinary Board Appeal. Violating LA RS 15:1177(9)

(4)

On Dec. 11, 2007 I forward a "DCI correspondence to

Staff Sec-90" To the classification office Mr. Foster, who is assigned over the (WCB) And Extended Lockdown Review Board, Trying to seek assistance to stay in administrative Segregation, Instead of going back to the (WCB) On Dec. 12, 2007 Mr. Foster responded back as following by writing saying:

Your last write up was on 11/19/07 for Rule #3. Your next review date will be in February (1st week). As long as you have regular duty you will be sent to the Working Cellblock to work. Good Luck!"

(5)

On Dec. 13, 2007 Plaintiff filed a D.C.I correspondence to staff Sec 90" To warden Grimes who was assigned over compound-one and working cellblock To assistance me, where I could be able to go back to general population to enroll back into school, And have a chance to make the Review Board.

(6)

On Jan. 7, 2008, Plaintiff filled out a Request to see Mental Health, And explained to him he needed help, because Sgt. Raymond Green; had threaten his life and his living condition if he come back to (WCB), What he was going to do to him. Mental Health stated it was not his problem. Take it up with Warden Grimes, -"I stated," I sent him a correspondence

And it was never answered, I havn't heard back And this is a emergency. He stated afterward, he would call him.

(7)

On Feb. 6, 2008, The secretary Dept. of Public Safety and correction Designee Linda Ramsay Denied the plaintiff Disciplinary Board Appeal under No. DCI-2007-575. Therefore, The plaintiff is legally before the court accordingly to La. R.S. 15:1171-1177 (West's 2007)

Everything is in a orderly form.
All attached sheets are in the back.

Relief Desired

Restored Good-Time (120) (180) $3000 dollars for monetary damages, emotional stress and Punitive damages $2000

Respectfully written.
Submitted by,
Randell Orange #417630

VI. Plaintiff's Declaration

1) I declare under penalty of perjury that all facts represented in this complaint and any attachments hereto are true and correct.

2) I understand that if I am released or transferred, it is my responsibility to keep the Court informed of my whereabouts and failure to do so may result in this action being dismissed with prejudice.

3) I understand that I am prohibited from bringing a civil action in forma pauperis if I have brought three or more civil actions in a court of the United States while incarcerated or detained in any facility that were dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted, unless I am under imminent danger of serious physical injury.

4) I understand that even if I am allowed to proceed in forma pauperis, I am responsible for paying the entire $150 filing fee and any costs assessed by the Court, which shall be deducted from my inmate account by my custodian in installment payments as prescribed by law.

Signed this 11th day of March, 2008.

Randell Orange 417670
(Signature of Plaintiff)

01/04

LOUISIANA DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS
CORRECTINS SERVICES
OFFENDERS RELIEF REQUEST FORM

CASE NUMBER: DCI-2007 -561

TO: RANDELL ORANGE 447630 — WB
Offender's Name and Number — Living Quarters

11/09/2007
Date of Incident

X ACCEPTED: This request comes to you from the Wardens Office. A response will be issued within 40 days of this date.

REJECTED: Your request has been rejected for the following reason(s):

11/20/2007
Date

MEGAN W. DANIEL
Warden's Signature or Designee

Sgt. Greer

Gien 11-19-07 4:25pm

11-19-07 940

# LOUISIANA DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS
## DISCIPLINARY REPORT
## D.C.I.

| | | | |
|---|---|---|---|
| 1. Name of Inmate: Randall Orange | 2. Number: 447630 | 3. Date of Incident: Nov. 19, 2007 | 4. Time of Incident: approx. 6am |
| 5. Place of Incident: WCB-C G-Tier | 6. Job Assignment: Crew 13 | | 7. Housing Assignment (Inmate): WCB-C G-Tier |
| 8. Rule Violated: Defiance | | 9. Rule Number: #3 | |

10. Description of Incident (Include all relevant information, - "unusual Inmate behavior, staff witnesses, physical evidence & disposition, immediate action including use of force"; use other side, if neccessary).

On the above date and approximate time while I M/Sgt Green was making a routine round on C-Tier. I M/Sgt Green heard and observed Inmate Randall Orange #447630 radio volume turned up loudly. I M/Sgt Green gave Inmate Orange a direct verbal order to turn the volume down on his radio Inmate Orange stated to me: "Sgt Green fuck you my radio is not playing loud make me turn it down you bitch" Lt Roule was notified. Inmate Orange was fully restrained by Lt Roule. Inmate was placed in Adm Seg.

11. Inmate Placed in Adm. Seg. ☐ Yes ☐ No

12. Inmate's Signature: refused to sign

13. Signature of reporting employee: M/Sgt Raymond Green

14. Name, Title, Assignment (Print): Raymond Green M/Sgt WCB

15. Date of Report: Nov. 19 07

16. Time of Report: 9am

17. Report (copy) given to above inmate by: RG

18. Plea by Inmate: ☑ Not Guilty ☐ Guilty

19. Verdict: ☐ Not Guilty ☑ Guilty

20. Date of Hearing: 11/21/07

21. Counsel Substitute DOC#: Shetta

22. Motions: ______

23. Reasons for Disposition: ☐ Report is clear and precise. ☐ Lack of a credible defense/little or no defense.
☐ Based on his statement. ☑ The officer's version is determined to be more credible than the inmate's.
☐ Pled guilty/accepted guilty plea. ☑ Only defense is denying contents of report.
☐ The inmate presented no evidence to refute the charges.
☐ The Investigative officer's testimony was deemed more truthful and accurate than the inmate's. ☐ Plea bargain.
☐ The inmate's demeanor led the board to believe that the inmate's testimony was untrue.
☐ Other ______

24. Reasons for Sentence: ☐ Seriousness of offense. ☐ The need to protect the institution or other. ☐ Nature of offense.
Poor Conduct. A total of 4 rule violation(s). A total of 5 Schedule B violations since 00.
A total of ______ # ______ rule violations since ______ ☐ Other Can Sanction

25. Sentence: 60 days forfeiture of Good time
10 days Isolation
☐ Suspended ____ Days
☑ Imposed

26. Sentence: ☐ Suspended ____ Days
☐ Imposed

27. DISCIPLINARY BOARD:
Cost may be imposed for any property loss, damage, or medical expense occasioned through the fault of an inmate who in so causing the loss, damage, or medical expense also is found guilty through the disciplinary process of violating one or more of the rules set out in the Disciplinary Rules and Procedures for Adult Inmates.

CHAIRMAN (DISCIPLINARY OFFICER): [signature]

MEMBER: [signature]

**Inmate Accounts - Restitution Only**

Beaury

11-19-07
426

11-19-07
833

# LOUISIANA DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS
## DISCIPLINARY REPORT
## D.C.I.

| 1. Name of Inmate | 2. Number | 3. Date of Incident | 4. Time of Incident |
|---|---|---|---|
| Randall Orange | 447630 | 11-19-07 | approx 6:15 am |

| 5. Place of Incident | 6. Job Assignment | 7. Housing Assignment (Inmate) |
|---|---|---|
| WCB holding cell | Crew 13 | WCB II |

| 8. Rule Violated | 9. Rule Number |
|---|---|
| Defiance | #3 |

10. Description of incident (Include all relevant information, - "unusual Inmate behavior, staff witnesses, physical evidence & disposition, immediate action including use of force"; use other side, if neccessary).

On the above date and approx time while inmate Randall Orange #447630 was in the holding cell so he could be placed in Adm. Seg. At that time inmate Orange stated to I MSgt. Diplechin "Man Sgt. Green is a stupid bitch, you to Sgt. Diplechin your ass ain't shit and what I should do is beat the fuck out of all of y'all stupid mother fuckers." Sgt. Poole notified / inmate was placed in Adm. Seg.

11. Inmate Placed in Adm. Seg. ☐ Yes ☐ No

12. Inmate's Signature: refused to sign

13. Signature of reporting employee: Ricky Diplechin

14. Name, Title, Assignment (Print): Ricky Diplechin MSgt. / BC

15. Date of Report: 11-19-07

16. Time of Report: 8:10 am

17. Report (copy) given to above inmate by: [illegible]

18. Plea by Inmate: ☐ Not Guilty ☐ Guilty

19. Verdict: ☐ Not Guilty ☐ Guilty

20. Date of Hearing: 11/21/07

21. Counsel Substitute DOC#: Shillo

22. Motions:

23. Reasons for Disposition: ☐ Report is clear and precise. ☐ Lack of a credible defense/little or no defense.
☐ Based on his statement. ☐ The officer's version is determined to be more credible than the inmate's.
☐ Pled guilty/accepted guilty plea. ☐ Only defense is denying contents of report.
☐ The inmate presented no evidence to refute the charges.
☐ The Investigative officer's testimony was deemed more truthful and accurate than the inmate's. ☐ Plea bargain.
☐ The inmate's demeanor led the board to believe that the inmate's testimony was untrue.
☐ Other

24. Reasons for Sentence: ☐ Seriousness of offense. ☐ The need to protect the institution or other. ☐ Nature of offense.
Poor Conduct. A total of 5 rule violation(s). A total of 1 Schedule B violations since 90.
A total of ____ # ____ rule violations since ____ ☐ Other

25. Sentence: 60 days forfeiture of good time
10 days isolation
☐ Suspended ____ Days
☐ Imposed

26. Sentence:
☐ Suspended ____ Days
☐ Imposed

27. DISCIPLINARY BOARD:
Cost may be imposed for any property loss, damage, or medical expense occasioned through the fault of an inmate who in so causing the loss, damage, or medical expense also is found guilty through the disciplinary process of violating one or more of the rules set out in the Disciplinary Rules and Procedures for Adult Inmates.

CHAIRMAN (DISCIPLINARY OFFICER)

MEMBER

985-385-1966

**Inmate Accounts - Restitution Only**

SEC-90

**Dixon Correctional Institute**
**Inmate Informal Correspodence to Staff**

Date: 12/11/07

Note: Any correspondence to a staff member should be business related. Using the following options will ensure that your request/inquiry is routed to the appropriate person.

Request for (check)

- ☐ Major/Unit
- ☐ Lt. Colonel/Unit
- ☐ Colonel/Unit
- ☐ Unit Warden/Unit
- ☑ Classification Foster
- ☐ Inmate Accounts
- ☐ Education
- ☐ Medical (non sick call request)
- ☐ Mailroom
- ☐ Mental Health
- ☐ Visiting Processing
- ☐ Investigator Lt. Colonel
- ☐ Investigator Captain
- ☐ Chaplaincy
- ☐ Records
- ☐ Assistant Warden for Security
- ☐ Assistant Warden for Admin.
- ☐ Deputy Warden
- ☐ Warden's Office
- ☐ Other: __________

****************DO NOT WRITE IN THE SPACE BELOW*********************

Your last write up was on 11/19/07 for Rule #3. Your next review date will be in February (1st week). As long as you have regular duty you will be sent to the Working Cellblock to work.

Good Luck!

Staff Signature [signature]

Date 12/12/07

SEC-90

# Dixon Correctional Institute
## Inmate Informal Correspondence to Staff

Note: Any correspondence to a staff member should be business related. Using the following options will ensure that your request/inquiry is routed to the appropriate person. Request for (check one)

- ☐ Major/Unit ______________
- ☐ Lt. Colonel/Unit______________
- ☐ Colonel/Unit ______________
- ☐ Unit Warden/Unit ______________
- ☐ Classification
- ☐ Inmate Accounts
- ☐ Education
- ☐ Medical (non sick call request)
- ☐ Mailroom
- ☐ Mental Health
- ☐ Visiting Processing
- ☐ Investigator Lt. Colonel
- ☐ Investigator Captain
- ☐ Chaplaincy
- ☐ Records
- ☐ Asst. Warden for Security
- ☐ Asst. Warden for Administration
- ☐ Deputy Warden
- ☑ Warden's Office
- ☐ Other: Unit 2

*********************DO NOT WRITE IN THE SPACE BELOW*******************

______________________________________________

______________________________________________

______________________________________________

______________________________________________

______________________________________________

______________________________________________

______________________________________________

______________________________________________

______________________________________________

______________________________ ______________________
Staff Signature Date

FORM 1A

# REQUEST FOR MEDICAL TREATMENT

FACILITY: Dixon Correctional Institute

Date: 1/7/08

Name: Randell Page DOC# J-17630 Housing: A-3 WCF Job Assignment: WC3

**INMATE COMPLETE THIS SECTION ONLY**

**COMPLAINT AND/OR REQUEST:**

Mental Health

Inmate Signature

- ☐ No Medical Co-payment
- ☐ Medical Access Fee @ $3.00
- ☐ Prescription @ $2.00 each

**Total**

I understand that in accordance with Dept. Reg. No. B-06-001, I will be charged $3.00 for self-initiated request for health care services and $2.00 for each new prescription written and dispensed to me, with the exceptions noted in the referenced regulation. I am aware that if I declare myself a medical emergency and the health care staff finds that an emergency does not exist, I may be given a disciplinary report for malingering.

| INMATE SIGNATURE | DOC# | DATE | WITNESS SIGNATURE |
|---|---|---|---|
| | J-17630 | 1-7-08 | |

Original-Inmate's Medical Record Yellow: Business Office Pink: Inmate's Copy

**BOBBY JINDAL**
Governor

**JAMES M. LeBLANC**
Secretary

# State of Louisiana
## Department of Public Safety and Corrections

The reports don't add up. 6:00am
* Out the Blue I'll tell him same-
thing like that. That was a Hook-up.
And any body that was back there
can tell you he said he was going
to get me.

* And I filed a ARP on him.
Before this report.

* Defense. I ask for my cellmate
can say I didn't say what I said.
He was afraid because he wanted to
go back on the compound.

* A polygraph test I asked for!
never answered.

* I told Mental Health I wanted
to check Mental Health to try
to avoid him. I was refused.

* I wrote Foster to try not to go
back there around him.

## DISCIPLINARY BOARD APPEAL

**Appeal Number:** DCI-2007-575

**Inmate's Name:** RANDALL ORANGE, #447630

**Inmate's Counsel:** SHILTON

**Board Chairman:** BELL

**Rule Violation:** 11/19/2007

**Disciplinary Board Action:** 11/21/2007

**Appeal Decided:** FEB 06 2008

**Decision of the Secretary:** 01-DENIED **Institution:** DCI

The inmate was convicted of violating two counts of Rule #3 (Defiance) on separate reports. The Board sentenced him to 10 days Disciplinary Detention/Isolation and Forfeiture of 60 days Good Time on one report and on the other report he was sentenced to 10 days Disciplinary Detention/Isolation and Forfeiture of 60 days Good Time .

On appeal the inmate denies the contents of the report and claims that he received the disciplinary reports in retaliation for filing an ARP.

We have considered the appellant's arguments and the decision rendered by the Warden. Upon review, we find the disciplinary reports to be clear, concise and to provide convincing evidence of the violations as charged. The inmate has not provided any evidence to refute the charges or to sustain his claim of retaliation. The officers' eyewitness account of the incidents provides sufficient evidence for the finding of guilt. The accused was given a complete hearing that afforded him full due process of the law. Based on the seriousness and nature of the offense and the inmate's conduct record, the sanctions imposed are deemed appropriate. For the forgoing reasons, we agree with the decision of the Disciplinary Board and the Warden.

Appeal is denied.

Linda Ramsay
for James M. LeBlanc, Secretary
Public Safety and Corrections

Post Office Box 94304, Baton Rouge, Louisiana 70804-9304 • (225) 342-6740 • Fax (225) 342-3095
www.doc.la.gov

21

2/20/08
received

Cherry S. Taylor
Screening officer

LOUISIANA DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS
CORRECTIONS SERVICES

CASE NUMBER: DCI-2007-561

SECOND STEP RESPONSE FORM
(HEADQUARTERS)

TO: ORANGE, RANDELL 447630 — Inmate Name and Number

DCI — Living Unit

Response to Request Dated 1/05/08, Received in this Office on 1/30/08:

Your request for an Administrative review of ARP# DCI-2007-561 has been received. A qualified member of the Headquarters staff has reviewed your request in order to render a fair and impartial response.

It has been determined, after a thorough review of all pertinent documentation, that your request has been satisfied. The response provided is clear and concise, as well as has addressed your request appropriately. As such, this office concurs with staff and finds no further investigation warranted.

Your request for Administrative Remedy is denied.

2/15/08
Date

Renée Ramsay
Secretary's Signature or His Designee

5